IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

v.

ADAM J. WESTBROOK,                                  Case No.: 3:24-cr-19-JDP

Defendant.

---

GOVERNMENT'S RESPONSE TO DEFENDANT'S FIRST REQUEST TO MODIFY
CONDITIONS OF PRETRIAL RELEASE

---

On May 24, 2024, the Defendant filed a request to modify the conditions of his pretrial release, asking for authority to work and leave during set hours for recreation and errands. (R. 20). As discussed below, the Government believes the Defendant's request to leave his residence for work is premature and opposes the request to leave the residence between 11:00 a.m. and 1:00 p.m.

Judicial officers must impose the least restrictive conditions of release that will "reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. 3142(c)(1)(B). Factors to be considered when determining the conditions of release include: (1) "the nature and circumstances of the offense charged;" (2) the weight of evidence against the defendant; (3) the defendant's history and characteristics; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g)

Request to Modify Conditions of Pretrial Release for Employment

The Government does not necessarily oppose the idea of the defendant working, but any specific employment opportunity should be identified and evaluated on a case-by-case basis. As the Defendant acknowledges in his request, any potential employment must be subject to the conditions of his pretrial release, such as not operating a personal computer, not accessing the internet, and not having contact with minors. (*See* R. 20, *see also* R. 15 at 5). Until the Defendant identifies a specific employment opportunity, the Court cannot determine whether the opportunity also complies with the other conditions of the Defendant's pretrial release. It is not possible for the Government to identify specific concerns until a particular employment opportunity is identified. Nevertheless, the Government flags three general concerns below.

First, working may give the Defendant unsupervised access to coworkers who have personal cell phones. These coworkers may not know or understand the Defendant's pretrial conditions, which prohibit him from operating any device that can access the internet, like a cell phone. Access to coworkers who have cell phones creates a risk that the Defendant may violate conditions of his release by accessing the internet or contacting his children outside the direction of Child Protection Services or Pretrial Services. The Defendant's request is silent to how such risks may be present in a working environment or how they may be mitigated depending on an employment opportunity. Again, it is difficult to mitigate such risks without identifying a specific employment opportunity.

Second, unless the Defendant obtains employment that permits him to work from home, he will have to leave his residence to work. The Defendant's request is silent as to his transportation to work. If the Defendant drives himself to work, then he is unsupervised during his commute. Unsupervised time while commuting creates a risk that the Defendant will violate the conditions of his release. Even though the Defendant is subject to location monitoring, it does not mitigate the risk the Defendant will violate the conditions of his release because location monitoring only indicates where the Defendant is or has been. It does not show what the Defendant is doing, who he is talking to, or if he is violating the conditions of his release. *See U.S. v. Anderson*, 2020 WL 3545619, 2020 U.S. Dist. LEXIS 113607, at *9 (N.D. Ill. Jun. 30, 2020) ("Location monitoring tells us whether Defendant is outside of his home. It does not tell us what he is doing, and Pretrial Services does not have the resources to verify Defendant's whereabouts daily."). Simply put, without identifying a specific employment opportunity, the Court cannot evaluate the danger to any person or the community the Defendant may pose by working. *See* 18 U.S.C. § 3142(g)(4).

Finally, the Defendant's request does not suggest any changes to the third-party custodians' roles. Without identifying a specific employment opportunity, it is not possible to evaluate the third-party custodians' role in relation to the Defendant's potential employment and how the third-party custodians will ensure the Defendant complies with the conditions of his pretrial release.

Request to Modify Pretrial Conditions of Release for Recreation and Errands

The Government opposes the Defendant's request to leave his home from 11:00 a.m. – 1:00 p.m. on weekdays to recreate, exercise, or complete basic tasks. The Defendant's request poses a danger on the community. *See* 18 U.S.C. § 3142(g)(4). As an initial matter, the Defendant's assertion that the "proposed timeframe is when children are likely to be in school or otherwise engaged in activities" (R. 20 at 2, ¶ 6) is inaccurate. As of the date of this response, it is the end of May and summer break is about to begin for nearly every school district. Children will not be in school or engaged in activities. Instead, children will likely be at their homes or out in the community. As a result, the Defendant's request places him in a position where he is unsupervised for up to two hours and will likely encounter minors because they are not in school.

Additionally, and already discussed at length above, even though the Defendant is subject to location monitoring, it does not show who the Defendant is talking to or what he is doing during his unsupervised two-hours a day. For example, location monitoring will not indicate if the Defendant purchases a prepaid cellular phone, in violation of a condition of his pretrial release, while shopping. Location monitoring will also not show if the Defendant came into contact with or talked to a minor while he walked around his neighborhood for exercise.

Similar to the concern already discussed above, the Defendant's request also results in him having potential unsupervised access to neighbors and members of the public who have personal cell phones. Again, neighbors and members of the public

4

will not know about or understand the Defendant's pretrial conditions, which prohibit him from operating any device that can access the internet. Such access invites a risk for the Defendant to violate a condition of his pretrial release.

Ultimately, the Defendant's request appears rooted in a concern for his mental and physical health. There is nothing prohibiting the Defendant from exercising within his home or being outside in the backyard of his home. *See U.S. v. Brown*, 2012 WL 3293719, 2012 U.S. Dist. LEXIS 112606, at *5-6 (D. Nev. Aug. 9, 2012) (denying defendant's request to modify the conditions of his pretrial release to go for walks in his neighborhood or go to the gym because accommodating the defendant's exercise preferences would not "reasonably assure the safety of the community."). Moreover, as already stated, the Government is not opposed to the idea of modifying the Defendant's conditions of pretrial release so that he may work, assuming appropriate employment can be identified and obtained, and his mental health concerns will be addressed by working.

## Conclusion

The Defendant's request to modify his conditions of pretrial release to work is premature. Until a specific employment opportunity is identified, the Defendant's request cannot be properly evaluated. The Government opposes the Defendant's request to modify the conditions of his release allowing him two hours of unsupervised time in the community because the risk of danger to the public is too great. While the Defendant has been compliant with the conditions of his pretrial release, "there is nothing indicating that [the] Defendant's compliance is not merely the result of the

5

conditions imposed preventing further criminal activity." *Anderson*, 2020 WL 3545619, 2020 U.S. Dist. LEXIS 113607, at *9-10 (citing *U.S. v. Kube*, 2020 U.S. Dist. LEXIS 73737, 2020 WL 1984178, at *5 (E.D. Cal. Apr. 27, 2020)).

Dated May 30, 2024

    Respectfully submitted,

    TIMOTHY M. O'SHEA
    United States Attorney

    By:    /s/

    LOUIS GLINZAK
    Assistant United States Attorney