IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.

ADAM WESTBROOK,                                                         Case No.: 24-cr-19-jdp

Defendant.

---

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW PLEA

---

The defendant pleaded guilty to distributing child pornography, in violation of Title 18, United States Code, Section 2252(a)(2). He has no absolute right to withdraw his guilty plea and bears a heavy burden of persuasion to show there is a fair and just reason to withdraw from his guilty plea. The defendant fails to satisfy his burden, and the Court should deny his motion.

## BACKGROUND

On February 21, 2024, a grand jury returned a one-count indictment against the defendant for distributing child pornography. (ECF No. 2). The defendant retained defense attorney Nathan Otis. (ECF No. 5).

On August 19, 2024, the United States learned of possible federal criminal violations by the defendant taking place between May 21, 2023, and March 1, 2024, in a "Dads and Uncles" Telegram group. Defendant's conduct in this group occurred in the Eastern District of Wisconsin. Attorney Otis was promptly notified.

The United States provided a plea letter to the defendant on September 10, 2024. The plea letter encompassed the defendant's conduct in the "Dads and Uncles" Telegram group. (ECF No. 44 at ¶ 9). The deadline for the defendant to accept the plea was September 13, 2024. The defendant signed the plea letter on September 11. (ECF. No. 44 at 7).

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Court held a change of plea hearing on September 16, 2024. (ECF. No. 45). During the hearing, the defendant informed the Court that he had attended law school.[1] (ECF No. 67-2 at 4). The defendant confirmed he and his attorney discussed the charges he faced, the facts the government could prove, and they discussed any potential defenses the defendant might have. (*Id*. at 6). The defendant also confirmed that he read and understood the plea agreement before signing it. (*Id*. at 4, 14-15). The defendant stated that he read the factual basis and admitted that the government could prove all the facts beyond a reasonable doubt. (*Id*. at 19). The defendant was informed about the sentencing guidelines, including the fact that uncharged conduct would be considered. (*Id*. at 9-11). Specifically, the Court noted the defendant's guidelines may include the defendant's conduct in the Eastern District of Wisconsin. (*Id*. at 17). The defendant confirmed that nobody made any threats or promises against him to force him to plead guilty. (*Id*. at 18). Finally, the defendant admitted he knew the charge involved an image of a

---

[1] Notably, the defendant was an Assistant District Attorney early in his career. As such, he would have a greater appreciation of the sanctity of a plea before this Court.

2

prepubescent child engaged in sexually explicit conduct. (*Id*. at 20). Ultimately, the Court accepted the defendant's guilty plea. (*Id*.).

On November 26, 2024, prior defense counsel filed a motion to withdraw. (ECF No. 52). The Court held an *ex parte* hearing and granted the motion. (*Id*. at 53-54). New attorneys filed their appearance, and the instant motion was filed on October 31, 2025. (*Id*. at 56-57, 67)

## ARGUMENT

"A defendant does not have an absolute right to withdraw a guilty plea before sentencing, although the court may allow him to do so if he has a 'fair and just reason' for doing so[.]" *United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005) (quoting *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002); *see also* Fed. R. Crim. P. 11(d)(2). Courts have held there are three broad reasons that may allow a defendant to withdraw his plea: "(1) the defendant is innocent, (2) the defendant received ineffective assistance of counsel, and (3) the plea was not knowing and voluntary." *United States v. Kamkarian*, 79 F.4th 889, 892 (7th Cir. 2023).

To highlight the challenges associated with withdrawing a plea, the Seventh Circuit explained a defendant's motion to withdraw his plea should be rejected if it can only succeed because the defendant contradicted his statements from the plea hearing and is therefore committing perjury. *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). Under such circumstances, there must be a compelling explanation for the defendant's contradiction. *Id.*

Importantly, "[t]he entry of a plea is not a meaningless act." *United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015). "When a defendant makes representations at a plea hearing, those representations are entitled to a presumption of verity." *Id*. Such statements are not "trifles a defendant may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "A defendant presenting a reason for withdrawal that contradicts answers he gave at the plea hearing faces an 'uphill battle.'" *Collins*, 796 F.3d at 834 (quotations omitted). Because great weight is placed on the defendant's statements at a plea hearing, the court cannot "credit them over [a defendant's] later claims that he would not have pleaded guilty." *United States v. Cieslowski*, 410 F.3d 353, 358 (7th Cir. 2005) (citations and internal punctuation omitted).

Additionally, a defendant who moves to withdraw his plea is not entitled to a hearing. *Collins*, 796 F.3d at 834. "If a motion is premised on [the] defendant's untruthfulness during plea proceedings, a court may (unless the defendant has a compelling explanation) reject that motion out of hand." *Id*. Ultimately, the trial court has discretion to determine if a hearing on the plea's validity is necessary. *Id*. "If no substantial evidence is offered, or if the allegations advanced in support of the motion are conclusory or unreliable, the motion may be summarily denied." *Id*.

In this case, the defendant seeks to withdraw his plea, claiming that he received ineffective assistance from his previous counsel, that his guilty plea was not made knowingly, and that he is innocent. (ECF No. 67). For the following reasons, the court should summarily deny the defendant's motion because he fails to offer substantial evidence and fails to meet his burden of persuasion.

4

I.   **The Defendant Received Effective Assistance of Counsel[2]**

Ineffective assistance of counsel claims must meet the rigorous two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*'s test the defendant must prove both that (1) his counsel's performance fell below an objective standard of reasonableness (the performance prong), and (2) but for counsel's errors the outcome of the proceeding would likely have been different (the prejudice prong). *Id.* at 690.

"When a defendant bases a motion to withdraw a guilty plea on a claim of ineffective counsel, the court considers whether the attorney's performance was objectively unreasonable and whether, but for that deficient performance, the defendant would not have pled guilty." *Kamkarian*, 79 F.4th at 892 (citing *United States v. Smith*, 989 F.3d 575, 580-81 (7th Cir. 2021); *Strickland v. Washington*, 466 U.S. 668, 696-97 (1984)). The test for ineffective assistance is "'highly deferential' to counsel and presumes reasonable judgment and effective trial strategy." *Carroll*, 412 F.3d at 793 (quoting *Hays v. United States*, 397, F.3d 564, 568 (7th Cir. 2005)).

The defendant seeks to withdraw his guilty plea because he received discovery for uncharged conduct that occurred in the Eastern District of Wisconsin after he

---

[2] This section relies solely on the claims in the defendant's affidavit.  Notably, he did not attach an affidavit from his prior attorney.  The government attempted to speak to his prior attorney, but he declined to speak to us, asserting attorney-client privilege.  The attorney also told us that while he would testify at a hearing, he believed his ethical obligations would not allow him to speak to the Government outside of a hearing, even with an order from the Court.

pleaded guilty. (ECF No. 67 at 8-9). This evidence, he claims, is what convinced him to plead guilty.

By his own admission, the defendant was aware of the uncharged conduct and discussed it with Attorney Otis. Attorney Otis reviewed the discovery and described it to the defendant prior to the defendant entering a guilty plea. (*Id.*; ECF No. 69). The defendant's receipt of discovery of uncharged conduct after he entered a guilty plea does not allow him to withdraw from a guilty plea. *United States v. Underwood*, 174 F.3d 850, 853-55 (7th Cir. 1999). In *Underwood*, the Seventh Circuit disagreed with the premise that a defendant should be allowed to take back his guilty plea if he later "takes the position that the government's evidence against him is false." *Id.,* at 853. That is exactly what the defendant is doing here.

Moreover, it was not unreasonable for the defendant's prior attorney to advise the defendant to accept the government's plea offer after the attorney reviewed and described the discovery to the defendant but before the defendant could personally review it. *Underwood,* 174 F.3d at 853-54. The Seventh Circuit has consistently held that a defendant can knowingly and voluntarily enter a guilty plea without receiving full discovery. *See id.*; *see also United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016) ("we have often held that a defendant can offer a knowing and voluntary plea without having received full discovery from the government.") (citation omitted). A defense counsel's conduct is reasonable as long as he makes the defendant aware of discovery before entering a plea. *Underwood*, 174 F.3d at 853-55; *United States v. Winston*, 34 F.3d 574, 577-79 (7th Cir. 1994) (denying motion to withdraw plea because even though

defendant did not review discovery before entering plea, counsel informed defendant of all the defendant needed to know to enter an intelligent plea). This is exactly what Attorney Otis did.[3]

Even assuming for the sake of the argument only that prior counsel was ineffective, the defendant cannot show prejudice, a requirement of an ineffective assistance claim. The defendant claims that he raised questions about the "veracity and admissibility" of the new evidence. The evidence in question involves a Telegram group called "Dads and Uncles." A user named "Tim Drake" was a moderator of this group and posted a video of an adult male anally assaulting a prepubescent boy. His profile picture was an explicit image of a minor taken in the defendant's home. Another user in the group reported that "Tim Drake" accidently shared a screen shot which matched the defendant's name and address.

The defendant admits he and his prior attorney discussed this evidence and the prior attorney advised that the evidence would be admitted against the defendant, even if the defendant was not the user. The prior attorney was correct.

First, based on the evidence as described above, it is almost impossible to

---

[3] To the extent the defendant argues he should be permitted to withdraw his plea because he believes his conduct in the Eastern District of Wisconsin should not be considered for sentencing, this is incorrect and does not constitute grounds to withdraw a plea. *See United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008) (holding that a defendant's underestimation of his sentence, including a mistake about the possible sentence, is not a fair and just reason to withdraw a plea); *United States v. Gilliam*, 255 F.3d 428, 434 (7th Cir. 2001) ("the fact that a defendant underestimated his sentence when entering his plea is not a fair and just reason to permit him to withdraw that guilty plea.") (citation omitted). If the defendant has an issue with the inclusion of such conduct as relevant conduct, he can raise this issue through an objection to the Presentence Investigation Report.

7

believe that the defendant was not the one involved in the Telegram chats. And if it wasn't him, the evidence shows that it was. Second, the evidence would have been admissible under Rule 414 of the Federal Rules of Evidence.

As part of the Violent Crime Control and Law Enforcement Act of 1994, Congress enacted Rule 414 of the Federal Rules of Evidence. This rule establishes special, broad standards for the admission of evidence of a defendant's commission of charged and uncharged child molestation offenses. The term "child molestation" encompasses charged or uncharged criminal conduct under state or federal law involving traditional hands-on offenses against children as well as the distribution, receipt, or possession of child pornography. *See* Fed. R. Evid. 414(d)(2). Rule 414 defines any conduct prohibited under Chapter 109A, and committed with a child, and Chapter 110 of Title 18 of the United States Code as child molestation. *Id*.

In contrast to Rule 404(b), which only allows uncharged prior acts evidence to be admitted on non-character theories of relevance, Rule 414 allows such evidence to be admitted and considered for its bearing "on any matter to which it is relevant." Thus, in addition to the non-character purposes allowed under Rule 404(b), evidence of other child molestation offenses may be admitted under the Rules to show the defendant's propensity to commit child molestation offenses.

Contrary to Rule 404(b), Rule 414 specifically allows the prosecution to use evidence of a defendant's other acts for the purpose of demonstrating to the jury that the defendant had a disposition of character, or propensity to commit these types of crimes. *United States v. Julian*, 427 F.3d 471, 486 (7th Cir. 2005) (discussing analogous

Rule 413 and finding that by using "'for its bearing on any matter to which it is relevant' Congress intended to include the defendant's propensity to engage in the offense of sexual assault"); *United States v. McGuire*, 627 F.3d 622, 626-27 (7th Cir. 2010) (finding admissible for propensity, under Rule 414, the evidence of defendant's molestation of four other children); *United States v. Rogers*, 587 F.3d 816, 822-23 (7th Cir. 2009) (discussing analogous Rule 413).

In short, the Rule 414 analysis has four prongs: (1) the defendant must be accused of a child molestation offense; (2) the prior offense the government seeks to admit is a child molestation offense; (3) the evidence must be relevant; and (4) the probative value of the evidence must not be substantially outweighed by the danger of undue prejudice. All four prongs have been met here.

The defendant is charged with violating Title 18, United States Code Section 2252(a)(2), a chapter 110 offense. Thus, the first prong of Rule 414 analysis is satisfied here as he is accused of "child molestation"—conduct involving a child prohibited by Chapter 110. *See* Fed. R. Evid. 414(d)(2)(A). Creating the Telegram profile picture and posting a child sexual assault (CSAM) video are also Chapter 110 offenses, and therefore also qualifies as "child molestation." The participation in the Telegram group dedicated to the assault of children, the creation of the profile picture, and the distribution of additional CSAM are all relevant to the charged offense because they demonstrate a sexual interest in children around the same time that the defendant committed the crime that forms the basis of the indictment.

The evidence is probative of his interest in trafficking child pornography and

therefore makes it more likely that he was responsible for the child pornography transportation ascribed to him in the indictment. *See United States v. Resnick,* 823 F.3d 888, 895 (7th Cir. 2016) (citing the lower court's conclusion that there was no doubt the prior offense was relevant because it was indicative of a propensity to commit the act charged). Moreover, Congress has determined that "in child molestation cases . . . a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant . . . that simply does not exist in ordinary people." *United States v. Hawpetoss*, 478 F.3d 820, 824, n. 7 (7th Cir. 2007). Because the defendant's sexual interest in children is relevant, the third prong of the Rule 414 analysis is met.

"[A]fter a Rule 414 analysis, the district court must carefully consider whether prior bad acts evidence should be excluded pursuant to Rule 403." *Loughry*, 660 F.3d 965, 970 (7th Cir. 2011) (citation omitted). Rule 403 requires the exclusion of evidence when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."

The term "unfair prejudice" refers to the "capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997); *see also United States v. Boros,* 668 F.3d 901, 909 (7th Cir. 2012) ("recognizing that most relevant evidence is, by its very nature, prejudicial, we have emphasized that evidence must be *unfairly* prejudicial to require exclusion.") (emphasis in original) (citations and quotations omitted).

While the Seventh Circuit has declined to wholly adopt a rigid factor approach to the Rule 403 analysis, it has adopted a flexible analysis with the following factors used a guide: "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." *Hawpetoss*, 478 F.3d at 825-26 citing *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001).

These factors weigh in favor of admission. The prior acts are the same as alleged in the indictment, they occurred shortly before the crime in this case, and there were no intervening events acts that decrease the evidence's relevance. *See Hawpetoss*, 478 F.3d at 826.

The Seventh Circuit has regularly found that the probative value of Rule 414 evidence is not substantially outweighed by the danger of unfair prejudice. For example, in a child pornography trafficking case, the Court affirmed the trial court's admission of the defendant's prior touching of a boy's genitals. *United States v. Foley*, 740 F.3d 1079, 1087-88 (7th Cir. 2014); *See also Hawpetoss,* 478 F.3d at 824 n.7 (evidence of history of sexual abuse of children can be probative as to defendant's disposition towards abuse); *United States v. Erramilli*, 788 F.3d 723, 730 (7th Cir. 2015) ("The mere fact that the prior offense sought to be admitted was a sexual assault cannot be enough to tip the scales in favor of exclusion under Rule 403; if that were the case, Rule 403 would swallow Rule 413."). Likewise, in *McGuire*, 627 F.3d at 626-27, the court affirmed the trial court's Rule 403 analysis that permitted one of four boys to testify that defendant had sexually

abused him in the past. The trial court recognized the danger of highly inflammatory testimony from the boys and therefore restricted the testimony to one of the children.

The defendant's prior conduct here is just as probative, and much less prejudicial, than the conduct in the cases cited above, which all involved evidence of hands-on offenses. Therefore, the defendant's prior attorney correctly advised the defendant that the evidence would be admitted and would be used against him. The defendant cannot therefore be prejudiced by the conduct.

The defendant made a knowing decision to plea based on accurate and correct advise by his attorney. The fact that he now regrets his decision does not make his prior attorney ineffective and moreover, does not provide grounds for withdrawing his plea.

Finally, to the extent the defendant had any pause, the defendant was given the opportunity at his plea hearing to inform the Court that he did not have sufficient information to make a rational plea decision. The defendant's statements at the plea hearing expressly state the contrary and further indicate he had sufficient information to make a rational plea decision. *Winston*, 34 F.3d at 577-79. As such, these statements are entitled to a presumption of verity. *Collins*, 795 F.3d at 834.

**II.     The Defendant Knowingly and Voluntarily Entered His Plea**

Once a court conducts a proper Rule 11 colloquy, the defendant's "fair and just" escape hatch to withdraw his plea is narrow. *Collins*, 796 F.3d at 835. A defendant's denial of guilt that contradicts his testimony at a guilty plea does not establish a fair and just reason to withdraw a plea. *Id*. To help determine if a defendant's plea was made

knowingly and voluntarily, the court can consider the defendant's appearance, demeanor, and tone of voice from the plea hearing. *Id*. at 834-35.

Here, the defendant's sworn statements at his Rule 11 hearing doom his efforts to withdraw his plea. *See id*. at 834. The Court conducted a thorough Rule 11 colloquy where the defendant confirmed his understanding of the facts, charges, and any possible defenses. (ECF No. 69). The defendant also confirmed he had the opportunity to discuss the facts, charges, and possible defenses with his attorney, and that the government could prove all the facts in the factual basis. (*Id*.). Importantly, the defendant confirmed that the charged image depicted sexually explicit conduct. (*Id*.).

Now, more than a year after the defendant entered a guilty plea, he has changed his mind and makes claims contrary to the statements he made under oath at the change of plea hearing. The defendant's statements at the plea are entitled to a presumption of verity, and the defendant's new claim that his plea was unknowing does not allow him to withdraw his guilty plea. Nor does it negate his statements from the plea hearing. The Seventh Circuit has consistently held a change of opinion, like the defendant's, is not grounds for withdrawing a plea. *See Collins*, 796 F.3d at 834; *Stewart*, 198 F.3d at 987; and *Cieslowski*, 410 F.3d at 358 (explaining that a court cannot discredit a defendant's statements from a plea hearing because a defendant "later claims that he would not have pleaded guilty.") (citations and internal punction omitted).

The defendant is asking this Court to believe that his clear and knowing confirmation that the charged image depicted sexually explicit conduct was ambiguous. (*See* ECF Nos. 67 at 9-11; 67-2 at 20). This belies common sense and a plain reading of his

13

statement. The defendant is asking the Court to read something into the transcript which is simply not there.

The defendant's claim that he misunderstood the element of "intent" does not rescue his claim, in part because intent as the defendant is using it is not an element of distributing CSAM. The elements of distributing child pornography are: (1) the defendant knowingly distributed the material identified in the indictment; (2) the material identified in the indictment is child pornography; (3) the defendant knew the material depicted one or more minors and that the minors were engaged in sexually explicit conduct; and (4) the material identified in the indictment was shipped or transported in or affecting interstate of foreign commerce by any means, including by a computer. THE COMMITTEE ON FEDERAL CRIMINAL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit 916 (2023 ed.).

Child pornography requires the depiction of sexually explicit conduct, including lascivious exhibition of the genitals or pubic area of any person. The Seventh Circuit explained in a CSAM production case that lasciviousness is not an element but an objective quality, and a defendant's subjective intent does not negate the lasciviousness of an image. *United States v. Donoho*, 76 F.4th 588, 597-98 (7th Cir. 2023). A defendant's subjective intent is one of many factors the trier of fact can consider in determining if an image depicts a lascivious exhibition. *Id*. However, a defendant's subjective intent is not the only factor to be considered, nor does it alone make an image lascivious. *Id*.

The defendant's subjective intent is not an element of the crime, nor does it alone determine lasciviousness. Rather the issue of whether images are lascivious is a question for the jury, based on the totality of the evidence and considering numerous factors. Thus, the defendant's subjective intent does not negate the lasciviousness of the charged image. Nor does it negate the defendant's admission that the charged image depicted sexually explicit conduct. The defendant's contrary assertions about his subjective intent have no bearing on the fact that he knowingly pleaded guilty.

The defendant was advised of his right to a jury trial and knowingly waived it. Thus, he knowingly waived the right to have a jury determine whether the images were lascivious. The defendant does not get to withdraw his guilty plea because he now wants to raise the issue for the jury to decide.

### III.  The Defendant's Innocence Claim is Unsupported

A defendant's denial of guilt that contradicts his testimony at a guilty plea does not establish a fair and just reason to withdraw a plea. *Collins*, 796 F.3d at 835. While actual innocence is valid grounds for withdrawing a plea, a "defendant's bare protestations of innocence—especially after a knowing and voluntary guilty plea in a thorough Rule 11 colloquy—will not suffice…. The defendant must proffer some credible evidence." *Carroll*, 412 F.3d at 792 (quoting *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001).

The defendant offers no credible evidence to establish his actual innocence, nor can he since it is based solely on whether the images were lascivious, which as described above, is something for the jury to decide.

15

The defendant has simply changed his mind about pleading guilty. He offers bare protestations of his innocence that contradict his plea colloquy. Such bare protestations fall far short of the standard to withdraw his guilty plea. *Carroll*, 412 F.3d at 792; *Collins*, 796 F.3d at 835.

## CONCLUSION

For the reasons discussed above, the defendant has not met his heavy burden of persuasion, and this Court should summarily deny his motion.

Dated: November 17, 2025.

                                       Respectfully submitted,

                                       CHADWICK M. ELGERSMA
                                       Acting United States Attorney

By:           /s/
              ELIZABETH ALTMAN
              LOUIS GLINZAK
              Assistant United States Attorneys