IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

      v.                                                          Case No.:  24- cr-19-jdp

ADAM J. WESTBROOK,

          DEFENDANT.

GOVERNMENT'S RESPONSE TO COURT'S
REQUEST TO VIEW CHARGED IMAGES

The government respectfully suggests the Court does not need to view the charged images in this case. As detailed in our brief in opposition, there are three reasons a defendant can generally withdraw his plea: "(1) the defendant is innocent, (2) the defendant received ineffective assistance of counsel, and (3) the plea was not knowing and voluntary."  *United States v. Kamkarian*, 79 F.4th 889, 892 (7th Cir. 2023). The Court's review of the images is not necessary to determine whether the defendant has met his high burden persuasion on any of these grounds.

To the extent that the Court believes it necessary to view the images to determine whether the defendant is innocent, as he claims, the Court would be substituting its determination of the nature of the charged images for that of the jury.  Moreover, the defendant's claim of innocence is based on his claim that he did not intend the images to be lascivious when he produced them.  (R. 69, ¶ 6).

The Seventh Circuit explained in a child pornography production case that lasciviousness is not an element but an objective quality, and a defendant's subjective intent does not negate the lasciviousness of an image. *United States v. Donoho*, 76 F.4th

588, 597-98 (7th Cir. 2023). A defendant's subjective intent is one of many factors the trier of fact can consider in determining if an image depicts a lascivious exhibition. *Id*. However, a defendant's subjective intent is not the only factor to be considered, nor does it alone make an image lascivious. *Id*. To that end, the government believes that if the Court is going to view the images, it is critical that the Court review the additional evidence that the government would present to the jury to prove lasciviousness.

The government has asked the case agent to have this additional evidence prepared for the Court to view, should the Court continue in its wish to review the charged images. This evidence consists of the following:

1) messages between the defendant and the recipient of the images the defendant produced and sent. In these messages, the recipient of the charged images admits to being a "P*do" (R. 47, ¶ 17).

2) chats between the defendant and the recipient of the charged images where they discuss their shared attraction to underage boys and exchange child sexual assault material (CSAM) (Id. ¶ ¶ 29-30);

3) evidence showing the defendant was the administrator of a Telegram group titled "Dads and Uncles," a "top secret" group in which one only gained access by submitting a naked picture of a child under age 13 (Id., ¶ 40);

4) the profile picture created to get access to this group depicting a prepubescent child naked from the waist down and which appears to have been taken in the defendant's home (Id., ¶ 41);

5) a video the defendant shared in this group that shows an adult male sodomizing a prepubescent boy (Id., ¶ 42); and

2

      6)      the defendant's statement to his mother that he sent the charged images to the recipient because the defendant knew the recipient of the images "gets off by seeing kids" (R. 47, ¶ 36).

The government believes that it is the combination of all this evidence which proves lasciviousness and viewing the charged images alone cannot be the determining factor on the defendant's intent, his "innocence," and therefore, whether he should be entitled to withdraw his plea.

Similarly, the charged images cannot be viewed in isolation when evaluating the defendant's ineffective assistance of counsel claim. The defendant's attorney viewed all the above evidence, and it would have factored into any advice he gave his client. And in fact, the defendant admits he and his prior attorney discussed the information. (R. 69, ¶ 4). Therefore, if the Court is going to consider the images in making its determination on this claim, the above evidence should also factor in.

Dated: November 28, 2025.

                                      Respectfully submitted,

                                      CHADWICK M. ELGERSMA
                                      Acting United States Attorney

                        By:          /s/
                                      ELIZABETH ALTMAN
                                      LOUIS GLINZAK
                                      Assistant United States Attorneys