# FEDERAL DEFENDER SERVICES OF WISCONSIN, INC.

LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Guy Cardamone, Madison Supervisor
John W. Campion
Alexandra Douglas
Ramuel R. Figueroa
Matthew Giesfeldt
Jonathan Greenberg
Gabriela A. Leija
Julie K. Linnen
Dennise Moreno
Tom Phillip
Alex Vlisides

22 East Mifflin Street
Suite 1000
Madison, Wisconsin 53703

Telephone 608-260-9900
Facsimile 608-260-9901

December 1, 2025

Honorable James D. Peterson
United States District Court Chief Judge
120 North Henry Street
Madison, Wisconsin 53703

    Re:    *United States v. Adam Westbrook*
            Case No. 24-cr-19-jdp

To the Honorable Chief Judge Peterson,

    I am writing this brief letter to reply to the government's response (R. 74) and the Court's text only order granting its request (R.75). I'm submitting the letter because I was in the process of drafting a substantive reply when I saw the text order; with the evidence review scheduled for tomorrow, thought I should flag these issues as soon as possible.

    The defense strongly objects to the procedure proposed by the government and requests that the Court not conduct any evidence review until the defense has had the opportunity to be heard.

    In short, the government did not request an evidentiary hearing in response to the defense motion. (R. 73). Following briefing, the Court understandably requested to review the images referenced in the factual basis for the plea agreement, and the defense had no objection.

    What the government now proposes is very different than what the Court initially proposed, and the government's plan amounts to an *ex parte* evidentiary hearing. This raises numerous issues. First, the defense does not know specifically what evidence the

F<small>EDERAL</small> D<small>EFENDER</small> S<small>ERVICES</small>
  O<small>F</small> W<small>ISCONSIN</small>, I<small>NC</small>.

December 1, 2025
Page 2

government proposed to show the Court. The government's motion cites to the Presentence Report, not discovery documents, meaning that the defense does not know what actual documents would be presented to the Court. This process also deprives the defense the opportunity to object, submit its own evidence, cross-examine witnesses, or otherwise take part in determining the factual record on which the Court will decide the motion. This is not appropriate.

I have tried to condense these issues in order to send this brief letter. I respectfully suggest that a judicial teleconference would be appropriate, and I am happy to expand on these arguments in a substantive filing to assist the Court. But again, given the timing, I request that no evidence review take place until the defense has been heard.

Thank you, and please advise if the Court has any further guidance.

Sincerely,

*/s/ Alexander P. Vlisides*

Alexander P. Vlisides
Associate Federal Defender

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.

December 1, 2025
Page 3