UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 24-cr-19-jdp

ADAM WESTBROOK,

    Defendant.

---

## MOTION FOR EVIDENTIARY HEARING

Adam Westbrook, though counsel, moves for an evidentiary hearing on his motion to withdraw his guilty plea.

On November 18, 2025, following the parties' briefing, the Court requested to review the charged images described in the plea agreement. Although neither side requested a full evidentiary hearing, neither party objected to the limited evidentiary viewing requested by the Court, and arrangements were made to provide that evidence. However, later, the government argued that to fairly resolve the motion, the Court should receive additional evidence, and characterized that evidence, but did not identify or attach it. R.74. The Court granted the motion, which the defense objected to in a letter a few hours later. R.76. The Court modified its order, requiring the government to identify its evidence to the defense, but otherwise denied any further relief. R.77

The government's request to submit evidence on a disputed issue is a de facto request for an evidentiary hearing. District courts are required to conduct evidentiary

hearings only when "there are disputed issues of material fact that will affect the outcome of the motion." *United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011) (citation omitted).

With its filing, the government is seeking to submit additional evidence related to Westbrook's subjective intent. R.74. It argues that its additional evidence "proves lasciviousness and viewing the charged images alone cannot be the determining factor on the defendant's intent…" R.74, at 3. In other words, the government has identified a disputed issue of material fact—Westbrook's subjective intent—and wishes to offer evidence regarding that issue. This is precisely the role of an evidentiary hearing.

In response to the government's de facto request for an evidentiary hearing, the Court should either deny the request or grant it. If it grants the request, it should hold an evidentiary hearing, affording each side the ability to test the other side's evidence and offer its own evidence in rebuttal.

## CONCLUSION

If the Court deems it appropriate to receive additional evidence, that should occur at an in-person evidentiary hearing with Westbrook present.

Dated at Madison, Wisconsin this 1st day of December, 2025.

Respectfully submitted,
Adam Westbrook, Defendant

*/s/ Alexander P. Vlisides*
Alexander P. Vlisides

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900

2

Fax: 608-260-9901
Alex_vlisides@fd.org

3

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.